977 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Theodore A. BOHLMANN, Plaintiff-Appellant,
v.
SUPERIOR COURT OF WASHINGTON FOR WHITMAN COUNTY; Washington
State Department of Labor and Industries, et al.,
Defendants-Appellees.
 No. 91-35927.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 20, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Theodore A. Bohlmann appeals pro se the district court's denial of his request for a preliminary injunction against enforcement of a state court judgment. In this 42 U.S.C. § 1983 action, Bohlmann claims that the enforcement of the state court judgment violates his constitutional rights. He contends that the district court erred by denying the preliminary injunction because the abstention doctrine and res judicata do not bar review of the state court judgment. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.
 
 
 3
 We review the denial of a preliminary injunction for an abuse of discretion. Western Systems, Inc. v. Ulloa, 958 F.2d 864, 867 (9th Cir.1992). "A party seeking a preliminary injunction must demonstrate either a combination of probable success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips in [his] favor." Hunt v. National Broadcasting Co., 872 F.2d 289, 292 (9th Cir.1989).
 
 
 4
 Federal courts abstain from intervening in pending state court contempt proceedings unless the state proceedings are motivated by a desire to harass, conducted in bad faith, or flagrantly unconstitutional. Juidice v. Vail, 430 U.S. 327, 334, 338 (1977); Lebbos v. Judges of Superior Court, Santa Clara County, 883 F.2d 810, 814 (9th Cir.1989).
 
 
 5
 In April 1988 the Washington state superior court preliminarily enjoined Bohlmann from doing contracting work without registering as a contractor pursuant to Wash.Rev.Code §§ 18.27 and 19.86. In January 1989 the superior court found Bohlmann in contempt of court for violating the preliminary injunction and fined him. The Washington Court of Appeals affirmed the superior court's judgment on September 27, 1990, and the Washington Supreme Court denied review on February 4, 1991. When the district court denied Bohlmann's request for a preliminary injunction on July 8, 1991, his motion to vacate the superior court's judgment was pending in state court.
 
 
 6
 In Bohlmann's motion for a preliminary injunction, he argued that the contempt order was criminal in nature and was therefore entered in violation of due process and other constitutional rights. He also argued that the superior court's orders violated the first amendment because they prohibited him from advertising his contracting services.
 
 
 7
 While Bohlmann's due process claim may have merit, see Hicks v. Feiock, 485 U.S. 624, 632 (1988) (setting forth standard for determining whether fine is civil or criminal); Aradia Women's Health Center v. Operation Rescue, 929 F.2d 530, 532 (9th Cir.1991), he has not shown that the superior court's orders are flagrantly unconstitutional, see Juidice, 430 U.S. at 338. He therefore has not demonstrated either probable success on the merits or that a serious question has been raised. See Hunt, 872 F.2d at 292. Moreover, he has not demonstrated the possibility of irreparable injury. See id. Accordingly, the district court did not abuse its discretion by denying the preliminary injunction.
 
 
 8
 Bohlmann's motion for an extension of time until September 25, 1992, to file his reply brief is granted. The reply brief is ordered filed.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3